D. Maimon Kirschenbaum
JOSEPH & KIRSCHENBAUM LLP
32 Broadway, Suite 601
New York, NY 10004
(212) 688-5640
(212) 688-2548 (fax)

*Attorneys for Named Plaintiffs and the
proposed FLSA Collective Plaintiffs*

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**

-------------------------------------------------------x

**NICOLE MANNING and AMARA MANNING, on behalf of themselves and others similarly situated,**

        **Plaintiffs,**

        v.

**USA DINER, INC. and RAMON FERNANDEZ,**

        **Defendants.**

-------------------------------------------------------x

**COMPLAINT**

**FLSA COLLECTIVE ACTION**

**DEMAND FOR JURY TRIAL**

Plaintiffs, on behalf of themselves and all others similarly situated, allege as follows:

**JURISDICTION AND VENUE**

1. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"). This Court has supplemental jurisdiction over the New York state law claims, as they are so related to the claims in this action within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

2. Venue is proper in this District because Defendants conduct business in this District, and the acts and/or omissions giving rise to the claims herein alleged took place in this District.

## THE PARTIES

3. All Defendants are hereinafter collectively referred to as "Defendants."

4. Defendant USA Diner, Inc. is New York corporation that owns and operates USA Diner in Rosedale, New York.

5. USA Diner has an annual gross volume of sales in excess of $500,000.

6. Defendant Ramon Fernandez is the Chief Executive Officer of USA Diner.

7. Defendant Fernandez exercised sufficient control over USA Diner's day to day operations to be considered Plaintiffs' employer under the FLSA and New York law.

8. Defendant Fernandez came to the restaurant about once per week to supervise the restaurant and review the restaurant's finances.

9. Defendant Fernandez had authority to hire and fire employees. In fact, the restaurant's General Manager Mike Bullet terminated both Plaintiffs on Defendant Fernandez' instructions

10. Plaintiff Nicole Manning worked as a server at USA Diner for roughly 19 years until December 2016.

11. Plaintiff Amara Manning worked at USA Diner as a counterperson for roughly one year until December 2016.

## FLSA COLLECTIVE ACTION ALLEGATIONS

12. Plaintiffs bring the First and Second Claims for Relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all tipped service employees

employed by Defendants on or after the date that is three years before the filing of the Original Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

13. At all relevant times, Plaintiffs and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decision, policy, plan and common policies, programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to pay them at the legally required minimum wage and overtime rates for all hours worked. The claims of Plaintiffs stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

14. The First and Second Claims for Relief are properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purpose of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## FACTS

15. Plaintiffs' Consent to Sue forms are attached as Exhibit A.

16. Defendants committed the following alleged acts knowingly, intentionally and willfully.

17. Plaintiffs often worked overtime.

18. For example, until 2016, Nicole Manning often worked 4 days per week, from 6:00 a.m. until 6:00 p.m.

3

19. Nicole Manning was not paid overtime for much of the time she worked in excess of 40 during this period.

20. Starting in 2016, Nicole Manning was scheduled from 6:00 a.m. to 3:00 pm., 4 days per week.

21. Nicole Manning was typically not paid for any overtime worked during this period, because Defendants deducted time for lunch breaks every day.

22. At least until 2015, Nicole Manning was typically not paid New York's spread of hours premium for days that workday lasted longer than 10 hours.

23. For the hours Nicole Manning was paid, she was paid an amount equal to the New York food service workers' minimum wage, which provides for a "tip credit" against the full minimum wage.

24. Defendants did not give Nicole Manning any notice of the tip credit, and therefore they were not entitled to any credits against the minimum wage.

25. Amara Manning typically worked 4 shifts per week, from 6:00 a.m. until her shift was over, which could often be as late as 6:00 p.m. when the night manager arrived.

26. Amara Manning was paid $9 per hour during her employment with Defendants.

27. In some weeks, Amara Manning worked more than 40 hours.

28. Amara Manning usually had one hour deducted from each day's pay, purportedly for a lunch break. However, Amara Manning did not take any lunch breaks.

29. As a result, Amara Manning was not paid for all of her hours worked, including overtime.

30. The wage statements that Defendants gave Plaintiffs contained the wrong number of hours worked on them, as they included the inaccurate deductions described above.

31. Defendants required Nicole Manning to pay them money "out of pocket" to cover the restaurant's losses when customers walked out without paying their bills. This happened several times per year.

32. Defendants committed the foregoing acts against Plaintiffs and the FLSA Collective.

## FIRST CLAIM FOR RELIEF
**(FLSA Minimum Wage Violations, 29 U.S.C. §§ 201, *et seq.*)**
**(Brought By Plaintiffs on Behalf of Themselves
and the FLSA Collective Plaintiffs)**

33. Plaintiffs reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

34. At all relevant times, Defendants have been, and continue to be, "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of FLSA, 29 U.S.C. § 203. At all relevant times, Defendants have employed, "employee[s]," including Plaintiffs and the FLSA Collective Plaintiffs.

35. Defendants knowingly failed to pay Plaintiffs and the FLSA Collective Plaintiffs the full federal minimum wage for each hour worked.

36. Plaintiffs, on behalf of themselves and the FLSA Collective Plaintiffs, seek damages in the amount of their unpaid compensation, liquidated (double) damages as provided by the FLSA for minimum wage violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## SECOND CLAIM FOR RELIEF
**(FLSA Overtime Violations, 29 U.S.C. §§ 201 *et seq.*)**
**(Brought By Plaintiffs on Behalf of Themselves
and the FLSA Collective Plaintiffs)**

37. Plaintiffs reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

38. Throughout the statute of limitations period covered by these claims, Plaintiffs and the FLSA Collective Plaintiffs regularly worked in excess of forty (40) hours per workweek.

39. At all relevant times, Defendants had and operated under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines and rules of willfully failing and refusing to pay Plaintiffs and the FLSA Collective Plaintiffs at one and one half times the greater of their regular rate or the full federal minimum wage for work in excess of forty (40) hours per workweek and willfully failing to keep records required by the FLSA and relevant regulations even though the Plaintiffs and the FLSA Collective Plaintiffs were entitled to overtime.

40. Plaintiffs, on behalf of themselves the FLSA Collective Plaintiffs, seek damages in the amount of their unpaid overtime compensation, liquidated (double) damages as provided by the FLSA for overtime violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

**THIRD CLAIM FOR RELIEF**
**(New York State Minimum Wage Violations, N.Y. Lab. L. §§ 650 *et seq.*)**
**(Brought By Plaintiffs on Behalf of Themselves and the FLSA Opt-in Plaintiffs)**

41. Plaintiffs reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

42. Defendants knowingly failed to pay Plaintiffs and the FLSA Opt-In Plaintiffs the full New York State minimum wage for all hours worked.

43. Defendants' failure to pay Plaintiffs and the FLSA Opt-In Plaintiffs the New York minimum wage was willful.

44. As a result of Defendants' willful and unlawful conduct, Plaintiffs and the FLSA Opt-in Plaintiffs are entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and post-judgment interest, and costs and attorneys' fees.

### FOURTH CLAIM FOR RELIEF
(New York State Overtime Violations, N.Y. Lab. L. §§ 650 *et seq.*
N.Y. Comp. Codes R. & Regs. tit. 12, § 146-1.4)
(Brought By Plaintiffs on Behalf of Themselves and the FLSA Opt-in Plaintiffs)

45. Plaintiffs reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

46. It is unlawful under New York law for an employer to suffer or permit a non-exempt employee to work without paying overtime wages for all hours worked in excess of forty (40) hours in any workweek.

47. Defendants willfully, regularly and repeatedly failed to pay Plaintiffs and the FLSA Opt-In Plaintiffs at the required overtime rate of one-and-one-half times the greater of their regular rate or the full New York minimum wage for hours worked in excess of forty (40) hours per workweek.

48. As a result of Defendants' willful and unlawful conduct, Plaintiffs are entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and post-judgment interest, and costs and attorneys' fees.

### FIFTH CLAIM FOR RELIEF
(New York Spread of Hours Violations, N.Y. Lab. L. §§ 650 *et seq.*,
N.Y. Comp. Code R. & Regs. tit. 12, §§ 146-1.6)
(Brought By Plaintiffs on Behalf of Themselves and the FLSA Opt-in Plaintiffs)

49. Plaintiffs reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

50. Plaintiffs and the FLSA Opt-In Plaintiffs regularly had workdays that lasted more than ten (10) hours.

51. Defendants willfully and intentionally failed to compensate Plaintiffs and the FLSA Opt-In Plaintiffs one hour's pay at the basic New York minimum hourly wage rate when their workdays exceeded ten (10) hours, as required by New York law.

52. As a result of Defendants' willful and unlawful conduct, Plaintiffs and the FLSA Opt-in Plaintiffs are entitled to an award of damages, including liquidated damages as provided by New York law, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

### SIXTH CLAIM FOR RELIEF
**(New York Notice Requirements, N.Y. Lab. L. §§ 195, 198)**
**(Brought By Plaintiffs on Behalf of Themselves and the FLSA Opt-in Plaintiffs))**

53. Plaintiffs reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

54. Defendants did not provide Plaintiffs and the FLSA Opt-In Plaintiffs with the notices/wage statements required by N.Y. Lab. Law § 195.

55. As a result of Defendants' willful and unlawful conduct, Plaintiffs and the FLSA Opt-in Plaintiffs are entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and post-judgment interest, and costs and attorneys' fees.

### SEVENTH CLAIM FOR RELIEF
**(Illegal Deductions from Pay, N.Y. Lab. L. §§ 193b)**
**(Brought By Plaintiffs on Behalf of Themselves and the FLSA Opt-In Plaintiffs)**

56. Plaintiffs reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

57. Defendants willfully deducted money from Plaintiffs' and the FLSA Opt-In Plaintiffs' pay requiring them to return money to the restaurant for walk-out customers.

58. As a result of Defendants' willful and unlawful conduct, Plaintiffs and the FLSA Opt-In Plaintiffs are entitled to an award of damages in amount to be determined at trial, pre- and post-judgment interest, and costs and attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves and the FLSA Collective Plaintiffs, prays for relief as follows:

A. Designation of this action as a collective action on behalf of the FLSA Collective Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in collective, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

B. An award of damages, according to proof, including liquidated damages, to be paid by Defendants;

C. Penalties available under applicable laws;

D. Costs of action incurred herein, including expert fees;

E. Attorneys' fees, including fees pursuant to 29 U.S.C. § 216, N.Y. Lab. L. § 663 and other applicable statutes;

F. Pre-judgment and post-judgment interest, as provided by law; and

G. Such other and further legal and equitable relief as this Court deems necessary, just and proper.

Dated: New York, New York
July 5, 2018

Respectfully submitted,

JOSEPH & KIRSCHENBAUM LLP

By: _____
D. Maimon Kirschenbaum
32 Broadway, Suite 601
New York, NY 10004
Tel: (212) 688-5640
Fax: (212) 688-2548

*Attorneys for Named Plaintiffs and the
proposed FLSA Collective Plaintiffs*

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial on all causes of action and claims with respect to which they have a right to jury trial.

# EXHIBIT A

## CONSENT TO SUE UNDER
## FEDERAL FAIR LABOR STANDARDS ACT

I am an employee currently or formerly employed by **USA DINER, INC.** and/or related entities and/or individuals. I consent to be a plaintiff in an action to collect unpaid wages. I agree that I am bound by the terms of the Professional Services Agreement signed by the named plaintiffs in this case.

_Nicole Manning_
Full Legal Name (Print)

_/s/ Nicole Manning_
Signature

_8/8/2017_
Date

# CONSENT TO SUE UNDER
# FEDERAL FAIR LABOR STANDARDS ACT

I am an employee currently or formerly employed by **USA DINER, INC.** and/or related entities and/or individuals. I consent to be a plaintiff in an action to collect unpaid wages. I agree that I am bound by the terms of the Professional Services Agreement signed by the named plaintiffs in this case.

Amara Manning
Full Legal Name (Print)

*Amara Manning*
Signature

03/7/2017
Date